and ordered that the decree of the district court be reversed, that the libel be dismissed, and the libellants and their stipulators pay to the respondent its costs in the district court, as well as in this court, to be taxed by the clerk.

---

MUCKEY (GOODFELLOW v.).    See Case No. 5,537.

---

## Case No. 9,899.

### Ex parte MUDD.

District Court, S. D. Florida. Sept., 1868.

HOMICIDE—MURDER OF THE PRESIDENT OF THE UNITED STATES IN TIME OF WAR—MILITARY TRIBUNAL—AMNESTY PROCLAMATION 1868.

1. The crime of murdering the president of the United States, in time of civil war is triable by a military commission.

2. The crime of being accessory to the murder of the president was not embraced in the amnesty proclamation of 1868.

[Decided by BOYNTON, District Judge. Nowhere reported; opinion not now accessible. The above statement of the points determined was taken from 2 Brightly, Dig. 101, 140.]

---

## Case No. 9,900.

### MUDD v. CLEMENTS.

[3 Cranch. C. C. 3.] [1]

Circuit Court, District of Columbia. Dec., 1826.

SEDUCTION—ACTION BY FATHER—LOSS OF SERVICE—UNDER PROMISE OF MARRIAGE—EVIDENCE—FORM OF ACTION.

1. In an action upon the case for seduction of the plaintiff's daughter, per quod servitium amisit, the plaintiff may give evidence that the defendant promised to marry the daughter, as a means of the seduction.

2. An action upon the case will lie for seduction of the plaintiff's daughter, whereby he lost her service.

Action upon the case for seducing plaintiff's daughter, whereby he lost her service. Damages laid at $2,000.

Mr. Lear, for plaintiff, offered to prove a promise of marriage as the means of seduction.

The defendant's counsel, Mr. Marbury, objected, and cited 2 Phil. Ev. 159; Tullidge v. Wade. 3 Wils. 18; Dodd v. Norris, 3 Camp. 519, and Foster v. Scoffield. 1 Johns. 297.

But THE COURT, (nem. con.) permitted the evidence to be given for the purpose of showing the means by which the defendant accomplished the seduction; and the defendant took a bill of exceptions. See Starkie, Ev. pt. 4, pp. 1309, 1310; Peake. Ev. 355; and Elliott v. Nicklin, 5 Price, 641.

The defendant's counsel then prayed the court to instruct the jury that this action upon the case would not lie, and that the action had been misconceived.

But THE COURT (nem. con.) refused, saying that they might move it in arrest of judgment, if it were a substantial objection. See 1 Chit. Pl. 138; 2 Chit. Pl. 265, 271, 315, 422; 3 Starkie, Ev. (Am. Ed.) 1307, 1308, note 1; Bennett v. Allcott, 2 Term R. 167; Woodward v. Walton, 2 Bos. & P. N. R. 476; Macfadzen v. Olivant, 6 East, 387; Parker v. Elliotte. Gilmer, 33. 6 Munf. 587.

The defendant took his second bill of exceptions.

Verdict for plaintiff $2,000. There was no motion made in arrest of judgment, nor any writ of error issued.

---

MUDD (CRIPPS v.).    See Case No. 3,391.

MUDD (FRERE v.).    See Case No. 5,107.

MUGGRIDGE (PARKER v.).    See Case No. 10,743.

MUHLENBRINK (UNITED STATES v.). See Case No. 15,831.

MUIR, In re.    See Case No. 13,196.

---

## Case No. 9,901.

### MUIR et al. v. The BRISK et al.

[4 Ben 252.] [1]

District Court, E. D. New York. June, 1870.

SHIPPING—POSSESSION — MASTER—LIEN—LOADING VESSEL WHILE IN CUSTODY—BONDING AFTER DECREE—APPEAL.

1. The owners of a British vessel filed a libel, to recover possession of her, against the master who claimed to have a lien upon her, under the English law, and to hold her by reason of such lien; and, after the vessel had been seized by the master, under the process in the action, the owners, through a new master whom they had appointed. chartered the vessel, and by consent of the marshal, but without the permission of the court, began to load the vessel under the charter: Held, that the fact, that the master claimed a lien on the vessel. under the English law, furnished no ground for his refusal to deliver the vessel to her owners.

2. A court of admiralty has the right to decline to entertain jurisdiction, where all the parties are foreigners resident abroad.

3. The act of the owners, in interfering as they had done with the vessel, while in the custody of the law, would well justify the court in declining to exercise jurisdiction in the premises, but as that had been done with the consent of the marshal, and the rights of the defendant could be otherwise protected, the court would decree that the libellants recover possession of the vessel without costs. on their paying into court the inward freight collected by them, less the usual inward charges. including unloading and crew's wages, as security for the payment of any sum found due to the master. in an action to be brought by him within twenty days, if he was so advised.

---

[1] [Reported by Hon. William Cranch. Chief Judge.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]